

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RB:DAS
F.# 2010R0100

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 3, 2012

**BY HAND & ECF**
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:  United States v. Joanna Fan and Ziming Shen
                         Criminal Docket No. 12-CR-68(DLI)

Dear Judge Irizarry:

        The government respectfully submits this letter to
notify the Court of a potential attorney conflict of interest in
the above-captioned case.  Specifically, although the defendants
in the above-captioned case were previously represented by
separate counsel, on Monday, July 30, 2012, Robert Raddick, Esq.
filed a notice of appearance substituting himself for both prior
counsel, and thus now seeks to represent both defendants in this
matter.  As set forth below, the government advises the Court of
these circumstances in accordance with Rule 44(c) of the Federal
Rules of Criminal Procedure and pursuant to its obligations under
Second Circuit law so the Court may conduct the appropriate
inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90
(2d Cir. 1982).  See, e.g., United States v. Stantini, 85 F.3d 9,
13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467
(2d Cir. 1995).


I.        Background

        From 1997 through the present, defendant Joanna Fan has
been the executive director of Red Apple Child Development Center
("Red Apple"), a nursery school and kindergarten in New York
City.  Beginning in 2002, Red Apple began receiving federal funds
to provide nutritious meals for the children at its centers.
Rather than use the funds for this purpose, Fan and her husband,
defendant Ziming Shen, embezzled approximately $3 million of the

funds.  For this conduct, on April 12, 2012, Fan and Shen each
pled guilty to an information charging a violation of 18 U.S.C.
§666.  During the pleas, the government noted that the Guidelines
calculation in Fan's plea agreement included a four-point role
enhancement pursuant to U.S.S.G. § 3B1.1, but that Shen's plea
agreement included no role enhancement.  The government based
this calculation on its investigation, which concluded, largely
based on the defendants' statements to law enforcement
authorities, that Fan played a substantially more significant
role than Shen in the criminal scheme.

II.        <u>Applicable Law</u>

     A.    <u>Overview</u>

          The Sixth Amendment affords a criminal defendant the
right to effective assistance of counsel.  <u>See</u> <u>Wood v. Georgia</u>,
450 U.S. 261, 271 (1981); <u>United States v. Perez</u>, 325 F.3d 115,
124 (2d Cir. 2003).  That right, however, is not absolute and
does not guarantee the defendant counsel of his own choosing.
<u>See</u> <u>United States v. Jones</u>, 381 F.3d 114, 119 (2d Cir. 2004);
<u>United States v. Locascio</u>, 6 F.3d 924, 931 (2d Cir. 1993).  While
there is a "presumption in favor of the [defendant's] chosen
counsel, such presumption will be overcome by a showing of an
actual conflict or a potentially serious conflict."  <u>Jones</u>, 381
F.3d at 119 (citing <u>Locascio</u>, 6 F.3d at 931); <u>see also</u> <u>Wheat v.
United States</u>, 486 U.S. 153, 164 (1988).

          To determine if the defendant's counsel is burdened by
a conflict of interest, the court "must investigate the facts and
details of the attorney's interests to determine whether the
attorney in fact suffers from an actual conflict, a potential
conflict, or no genuine conflict at all."  <u>United States v. Levy</u>,
25 F.3d 146, 153 (2d Cir. 1994).  An actual conflict exits "when
the attorney's and the defendant's interests diverge with respect
to a material factual or legal issue or to a course of action, or
when the attorney's representation of the defendant is impaired
by loyalty owed to a prior client."  <u>Jones</u>, 381 F.3d at 119
(internal quotation marks and citations omitted).  A potential
conflict arises if "the interests of the defendant could place
the attorney under inconsistent duties in the future."  <u>Id.</u>
(emphasis and citations omitted).

          Regardless of the severity of the conflict, "[f]ederal
courts have an independent interest in ensuring that criminal
trials are conducted within the ethical standards of the
profession and that legal proceedings appear fair to all who
observe them."  <u>Wheat</u>, 486 U.S. at 160.  "The question of

-2-

[attorney] disqualification therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163); see also United States v. Curanovic, 2011 WL 1555075 (E.D.N.Y. April 1, 2011).

"In most cases when a defendant is faced with a situation in which his attorney has an actual or potential conflict of interest, it is possible for him to waive his right to conflict-free counsel in order to retain the attorney of his choice." United States v. Schwarz, 283 F.3d 76, 95 (2d Cir. 2002). However, if the Court finds that a conflict exists, and that "the conflict is of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation . . . the attorney must be disqualified, regardless of whether the defendant is willing to waive his right to conflict-free counsel." Schwarz, 283 F.3d at 95-96. Indeed, it may be an abuse of discretion and reversible error for the Court to accept a defendant's attempt to waive the conflict. See Levy, 25 F.3d at 153; United States v. Fulton, 5 F.3d 605, 612-14 (2d Cir. 1993).

Thus, "[w]hen a lawyer's conflict, actual or potential, may result in inadequate representation of a defendant or jeopardize the federal court's institutional interest in the rendition of a just verdict, a trial judge has discretion to disqualify an attorney or decline a proffer of waiver." Fulton, 5 F.3d at 612 (citations omitted). The district court enjoys broad latitude to decline a defendant's proffered waiver of conflicted counsel and to disqualify chosen counsel, and the appellate courts will review that decision only for abuse of discretion. See Wheat, 486 U.S. at 163; United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993); Fulton, 5 F.3d at 614.

B.    Joint Representation

Joint representation "brings two constitutional rights into potential conflict: 'the right of a criminal defendant to be represented by counsel of his own choice and the right of such a defendant to counsel whose effectiveness is unimpaired by divided loyalty.'" United States v. Fan, 36 F.3d 240, 248 (2d Cir. 1994)(quoting Curcio, 694 F.2d 14 at 22). "A criminal defendant

is free to prefer the right to counsel of his choosing over the right to counsel of undivided loyalty, provided that the choice is 'knowing and intelligent,' a matter which depends upon the facts and circumstances of each case." <u>Fan</u>, 36 F.3d at 248 (quoting <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981)). Nonetheless, as noted above, "the presumption in favor of the defendant's chosen counsel must be weighed against 'the interests of the courts in preserving the integrity of the process and government's interests in ensuring a just verdict and a fair trial.' Moreover, the presumption is 'overcome by a showing of an actual conflict or potentially serious conflict.'" <u>United States v. Salameh</u>, 856 F. Supp. 781 (S.D.N.Y. 1994) (quoting <u>Locascio</u>, 6 F.3d at 931).

      C.   <u>Curcio Waiver</u>

      If the conflict of interest is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in <u>Curcio</u>. <u>See, e.g.</u>, <u>Malpiedi</u>, 62 F.3d at 470; <u>Levy</u>, 25 F.3d at 153; <u>United States v. Iorizzo</u>, 786 F.2d 52, 58-59 (2d Cir. 1986). In summarizing the <u>Curcio</u> procedures, the Second Circuit has instructed the trial court to

> (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

<u>Iorizzo</u>, 786 F.2d at 59; <u>see also</u> <u>Curcio</u>, 680 F.2d at 888-90. By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. <u>See</u> <u>United States v. Jiang</u>, 140 F.3d 124, 128 (2d Cir. 1998).

      The need for a <u>Curcio</u> hearing exists regardless of whether a case is disposed of by way of guilty plea or trial. "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel." <u>Stantini</u>, 85 F.3d at 15. Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." <u>Boria v. Keane</u>, 99 F.3d 492, 497 (2d Cir. 1996). Therefore, it

-4-

necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage.  See id. ("'[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948) (emphasis added)); see also Stantini, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

III.    Discussion

        Based on the facts set forth above, the interests of Fan and Shen may conflict for sentencing purposes, as each defendant may seek to claim that the other had a greater role in the scheme.  Therefore, a potential conflict has arisen where both defendants are represented by the same attorney.

IV.     Conclusion

        For the foregoing reasons, the government respectfully requests that the Court schedule a status conference to address the issues raised herein.  Please note that the undersigned will be on vacation the week of August 13, 2012, returning August 20, 2012.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY


                    By:  /s/Daniel Spector
                         Daniel A. Spector
                         Assistant U.S. Attorney
                         (718) 254-6345


cc: Robert Raddick, Esq (by email and ECF)

-5-