# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JOANNA FAN | ) | Case Number: 12-CR-68 |
| | ) | USM Number: 79571-053 |
| | ) | John Nicholas Iannuzzi, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT - 2 2013 ★
BROOKLYN OFFICE

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 666(a)(1)(A)(i) | Embezzlement, a Class C felony | 6/30/2010 | 1 |

    The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/1/2013
Date of Imposition of Judgment

S/ Dora L. Irizarry
Signature of Judge

Dora L. Irizarry                U.S. District Judge
Name of Judge                   Title of Judge

October 2, 2013
Date

DEFENDANT: JOANNA FAN
CASE NUMBER: 12-CR-68

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

FIFTY-SEVEN (57) MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to a facility near the New York metropolitan area.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on    1/3/2014              .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:





Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOANNA FAN
CASE NUMBER: 12-CR-68

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cour and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or persona history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall make full financial disclosure to the U.S. Probation Department;

2. The defendant shall comply with the restitution order;

3. The defendant shall comply with the forfeiture order;

4. The defendant shall participate in a mental health treatment program approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment;

5. The defendant shall perform 300 hours of community service in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed. The Court recommends that community service be performed at a homeless shelter or a food pantry;

6. The defendant shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: JOANNA FAN
CASE NUMBER: 12-CR-68

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 100,000.00 | $ 2,210,377.46 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Department of Agriculture | $2,210,377.46 | $2,210,377.46 | |
| **TOTALS** | $ 2,210,377.46 | $ 2,210,377.46 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the  ☑ fine  ☐ restitution.

  ☑ the interest requirement for the  ☐ fine  ☑ restitution is modified as follows: interest shall accrue if not paid within 30 days of sentencing.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOANNA FAN
CASE NUMBER: 12-CR-68

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Restitution shall be paid within 30 days of sentencing; failure to pay within 30 days will result in accrual of interest. The fine shall be paid within 45 days of sentencing; no interest shall accrue if not paid within 45 days. Restitution and fine shall be paid to the Clerk of Court for the Eastern District of New York. See attached restitution order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Codefendant Ziming Shen, 12-CR-68.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DAS:DDB
F.#2010R00110

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT - 2 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOANNA FAN, also known as
"Xiao Ping Fan,"

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

12-CR-68 (DLI)

    WHEREAS, on April 12, 2012, JOANNA FAN also known as Xiao Ping Fan (the "Defendant"), waived indictment and entered a plea of guilty to an information, charging a violation of 18 U.S.C. § 666(a)(1)(A); and

    WHEREAS, the government seeks the entry of a forfeiture money judgment in the amount of $3,000,000.00 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 666(a)(1)(A), or a conspiracy to commit such offense, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

    1.  The Defendant shall forfeit to the United States $3,000,000 (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and 21 U.S.C. § 853(p). The Forfeiture Money Judgment is entered against the Defendant jointly and severally with co-defendant, Ziming Shen.

    2.  All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service," with the criminal



docket number noted on the face of the check. The Defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney Daniel A. Spector, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid within thirty (30) days of the date on which the Defendant is sentenced (the "Due Date"). If the Forfeiture Money Judgment is not paid in full or on before the Due Date, interest on the Forfeiture Money Judgment shall accrue on any unpaid portion at the judgment rate of interest from that date.

3. If the Forfeiture Money Judgment is not received as provided above, the Defendant shall forfeit any other property of his up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4. The Defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine, restitution loss amount, penalty, or of any income taxes that may be due.

5. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order. The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
October  /  , 2013

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------X

UNITED STATES OF AMERICA,

- against -

JOANNA FAN,

        Defendant.

------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT - 2 2013 ★

BROOKLYN OFFICE

RESTITUTION ORDER

12 CR 68 (DLI)

        As part of the sentence imposed in the above-captioned case on defendant JOANNA FAN it is hereby ORDERED, as follows:

1. The defendant shall pay restitution to the United States Department of Agriculture in the amount of $2,210,377.46 ("the Restitution Amount") see 18 U.S.C. §§ 3663(a)(3), 3663A(a)(3). The defendant is jointly and severally liable for the Restitution Amount with co-defendant ZIMING SHEN.

2. This restitution order is a lien in favor of the United States on all property and rights to property of the defendant, as provided in 18 U.S.C. § 3613(c). The liability to pay the restitution shall terminate as provided by 18 U.S.C. § 3613(b). See also 18 U.S.C. § 3613(f).

3. The Restitution Amount shall be paid within thirty (30) days of the date of sentencing ("the Due Date"). If the Restitution Amount is not paid in full on or before the Due Date, interest on the Restitution Amount shall accrue on any unpaid portion at the judgment rate of interest from that date.

4. The defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. See 18 U.S.C. § 3664(k). In addition, as a condition of supervised release, the defendant shall make complete and periodic financial disclosure as directed by the Court in consultation with United States Probation Department.



5.  If the defendant knowingly fails to pay the restitution required by this Order or by law she will be subject to one or more of the actions permitted by 18 U.S.C. §§ 3613A (Effect of Default) including re-sentencing pursuant to 18 U.S.C. § 3614.  <u>See</u> <u>also</u> 18 U.S.C. § 3615 (Criminal Default).

6.  Payment of the restitution shall be made to the Clerk of the Court for the Eastern District of New York.

7.  This Order is entered after the Court has fully considered the factors set forth in 18 U.S.C. §§ 3663 and 3664 that are applicable to this defendant.

8.  This Order is part of the sentence and shall be included in the judgment.

Dated:  Brooklyn, New York
October  1 , 2013

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK