```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :       SUMMARY ORDER
              -against-                :
                                       :       12-CR-68 (DLI)
JOANNA FAN and ZIMING SHEN,            :
                                       :
                     Defendants.       :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Joanna Fan and Ziming Shen ("Defendants") were convicted, upon their pleas of guilty, of embezzlement in violation of 18 U.S.C. § 666. In connection with sentencing, this Court entered two forfeiture money judgments (the "Forfeiture Orders"), one against each Defendant, jointly and severally, in the amount of $3,000,000.00. (Forfeiture Orders, Doc. Entries Nos. 86, 92.) Both Defendants timely appealed from their judgments of conviction. Presently before this Court is the Defendants' joint motion to stay the Forfeiture Orders pending resolution of their appeals, pursuant to Federal Rule of Criminal Procedure 32.2(d). (Mot., Doc. Entry No. 105, 106.) The government opposes. (Resp., Doc. Entry No. 107.) For the reasons set forth below, Defendants' motion is denied.

## DISCUSSION[1]

Federal Rule of Criminal Procedure 32.2(d) permits a court to "stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). The purpose of Rule 32.2(d) is to "ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Fed. R. Crim. P. 32.2 (Advisory Committee Notes 2000). In determining whether a forfeiture order should be stayed, Courts consider: 1) the likelihood of success on

---

[1] Familiarity with the facts underlying this case is assumed.

appeal; 2) whether the forfeited asset is likely to depreciate over time; 3) the forfeited asset's intrinsic value to the defendant; and 4) the expense of maintaining the forfeited property. *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011).

As to the first factor, the Court finds that there is little likelihood of success on appeal in light of the waiver of appellate rights in connection with the Forfeiture Orders contained in each Defendant's plea agreement. Moreover, in light of the sentences imposed by the Court, the Defendants waived their right to appeal their convictions and sentences. The remaining three factors are essentially inapplicable, since the forfeited asset is money rather than real or personal property and Defendants have at their disposal many other assets, including real property that they may use to generate funds. The Defendants' respective Presentence Reports show they have a positive net worth of $30,441,988. If Defendants' appeal is successful, the government can repay the forfeited amount without causing Defendants to suffer irreparable harm. *See United States v. Faison*, 2008 WL 596816, at *1 (E.D.N.Y. Feb. 29, 2008) (denying a motion to stay a forfeiture order where the government could issue an "appropriate payment" if the defendant's appeal was successful).

Thus, none of the *Peters* factors support the Defendants' request, and the Court declines to stay the Forfeiture Order pending resolution of the Defendants' appeals.

## CONCLUSION

For the reasons stated herein, Defendants' motion is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
January 16, 2014

/s/
DORA L. IRIZARRY
United States District Judge